United States District Court
Northern District of California

UNITED STATES OF AMERICA,

Plaintiff,

v.

ARTEM MARTINOV, et al.,

Defendants.

Case No.: CR 11-00312 SBA-1 (KAW)

**ORDER DENYING MOTION TO QUASH**

## I. Background

Defendant Artem Martinov is charged in an indictment with a violation of 18 U.S.C. § 1343 (Wire Fraud). On September 6, 2012, the undersigned held a hearing on third party SunTrust Mortgage, Inc.'s motion to quash a subpoena duces tecum. Attorneys Thomas Nolan for Defendant and Ben Spohn for SunTrust appeared at the hearing.

The Court had issued the subpoena on July 11, 2012, following Defendant's ex parte application pursuant to Fed. R. Crim. P. 17(c). Defendant's ex parte application and supporting papers and the Court's order granting the application were lodged or filed under seal to prevent the disclosure of defense trial strategies. *See*, *e.g.*, *United States of America v. Tomison*, 969 F. Supp. 587, 595 (E.D. Cal. 1997) (Rule 17(c) permits ex parte applications for this reason).

For the following reasons, SunTrust's motion to quash is denied, and SunTrust is ordered to produce the documents.

## II. Analysis

SunTrust argues that the subpoena should be quashed because: 1) Defendant may use the requested documents for impeachment purposes, which is improper; 2) Defendant cannot satisfy the Rule 17(c) standard; and 3) it would be "unduly burdensome" for SunTrust to comply with the subpoena. Defendant argues that he has a constitutional right to the documents.

**A. Defendant Has a Constitutional Right to the Documents.**

As the Court found in its previous order, the documents are relevant to the determination of Defendant's guilt. Defendant therefore has a constitutional right to the requested documents. *See United States v. Nixon*, 418 U.S. 683, 712-13 (1974) (holding that quashing a Rule 17(c) subpoena "based on the generalized interest in confidentiality" would "cut deeply into the guarantee of due process of law and gravely impair the basic function of the courts" and that "the constitutional need for production of relevant evidence in a criminal proceeding is specific and central to the fair adjudication of a particular criminal case"). *See also Tomison*, 969 F. Supp. at 593 ("where evidence relevant to guilt or punishment is in a third party's possession and is too massive for the defendant to adequately review unless obtained prior to trial, pre-trial production through Rule 17(c) is necessary to preserve the defendant's constitutional right to obtain and effectively use such evidence at trial").

Although Defendant has a constitutional right to the documents, this does not mean that he is automatically entitled to production of the documents. *See*, *e.g.*, *id.* at 597-98 (quashing requests in a Rule 17(c) subpoena that called for the production of attorney-client privileged material). But unless SunTrust provides a justification for quashing the subpoena that trumps Defendant's constitutional rights, the documents must be produced.

**B. The Documents Will Not Be Used Solely For Impeachment Purposes.**

SunTrust's counsel, who has not read Defendant's ex parte application for the subpoena or this Court's order granting the application, argues that the subpoena should be quashed because the requested documents may be used for impeachment purposes.

It is true that courts have found that Rule 17(c) should generally not be used to discover impeachment materials. *See*, *e.g.*, *United States v. Nixon*, 418 U.S. 683, 701 (1974) ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial"). But under certain circumstances, materials that will be used for impeachment may be obtained under Rule 17(c). *See*, *e.g.*, *United States v. Reyes*, 239 F.R.D. 591, 601 (noting that the rule did not entitle defendants to pre-trial production of impeachment material, but that *in camera*

review "so that the court may review the material and disclose it if . . . it becomes ripe for impeachment" was appropriate where the defendant "made a persuasive showing that a third party possessed specific material that is highly relevant to the criminal charges against him").

More importantly for this case, though, documents that will not be used *solely* for impeachment purposes may be obtained under Rule 17(c). *See* Nixon, 418 U.S. 702 (concluding that district court had not erred in authorizing the issuance of a subpoena where "there [we]re other valid potential evidentiary uses for the same material"). Here, Defendant has already made an *ex parte* showing that the documents will not be used solely for impeachment. The requested documents are sought to disprove an element of the crime. SunTrust is not entitled to see the sealed and lodged court documents explaining the documents' relevance, as these documents disclose Defendant's case strategy. *See Tomison*, 969 F. Supp. at 595. The subpoena will not be quashed on this basis.

### C. Defendant Has Already Made the Showing Required by *Nixon*.

SunTrust argues that Defendant cannot meet the *Nixon* standard for issuing a subpoena under Rule 17(c), and that the request for the documents is therefore an improper fishing expedition.

As explained in the undersigned's sealed order granting Defendant's ex parte application for the subpoena, Defendant *has* met the *Nixon* standard—that is, Defendant has made the required showing of relevancy, admissibility, and specificity. *See* 418 U.S. at 699-700. Indeed, the Court's review of Defendant's application before the subpoena was issued ensured that the request met the requirements of Rule 17(c), and thus, was not a "fishing expedition" as a matter of law. SunTrust's arguments do not persuade the Court to reconsider its previous decision.

### D. SunTrust Has Failed to Explain How Compliance Would Be Unreasonable or Oppressive.

Finally, SunTrust argues that compliance with the subpoena would be "unduly burdensome." *Cf.* Fed. Rule Crim. P. 17(c)(2) ("the court may quash or modify the subpoena if compliance would be *unreasonable or oppressive*") (emphasis added). In its brief, SunTrust provides no supporting authority, and states only that "it will take weeks to identify and locate the

responsive materials" and that "the materials will then have to be reviewed to identify any attorney-client privileged communications, which would involve further time and considerable expense." Mot. at 6. SunTrust's attorney argued at the hearing that the document requests were vague, ambiguous, and overbroad, but could not convincingly articulate how that was so.

These unspecific assertions do not justify quashing the subpoena. SunTrust does not explain why it will take "weeks" to find the documents, or provide an estimate of how many documents will need to be produced, or why the documents might be attorney-client privileged. On its face, Defendant's request for documents appears narrow both with respect to the type of documents requested and the date range for which the documents are requested. When pressed, SunTrust's counsel admitted that he could likely confer with Defendant's counsel to identify the requested documents.

### III. Conclusion

SunTrust's motion to quash is denied. However, pursuant to SunTrust's request and its representation that the documents sought are confidential, the Court will enter an appropriate protective order. *See* Fed. R. Crim. P. 16(d)(1) ("Protective and Modifying Orders" stating "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.").

Accordingly, it is hereby ORDERED that:

1. SunTrust's Motion to Quash is denied.
2. Within seven days of the date of this order, the parties shall submit a stipulated proposed protective order regarding the requested documents.
3. Within twenty-one days of the entry of the protective order, SunTrust shall produce the requested documents to Defendant.

Dated: September 11, 2012

KANDIS A. WESTMORE
United States Magistrate Judge

4