United States District Court
Northern District of California

UNITED STATES OF AMERICA,

Plaintiff,

v.

ARTEM MARTINOV, et al.,

Defendants.

Case No.: CR 11-00312 SBA (KAW)

**ORDER GRANTING MOTION TO COMPEL**

Defendant Artem Martinov has moved to compel third party SunTrust Mortgage's compliance with a subpoena duces tecum. The Court held a hearing on the motion to compel on December 13, 2012. Thomas Nolan appeared for Defendant, and Benjamin Spohn appeared for SunTrust. For the reasons explained below, the motion to compel is granted.

Following a September 11, 2012 hearing on a motion to quash, the Court ordered SunTrust to comply with Defendant's subpoena—that is, to produce policy manuals in its possession, custody or control, that "are or could be called <u>Loan Product Guidelines</u> or <u>Investor Guidelines</u>, set by Suntrust and or the Investor that would have been targeted to purchase" the property at issue; "are or could be called <u>Underwriter Loan Approval Authority Limits</u>, that would have cabined the authority of a Suntrust underwriter or funder...[or] which would have led an underwriter or funder to submit a Loan Exception approval request to someone with more authority"; and "are or could be called <u>Underwriter Procedures</u> or <u>Underwriter Guidelines</u> or <u>Quality Control Guidelines</u>, which would provide guidance to underwriters responsible for reviewing loan files to insure that the documentation contained in the files that were brokered to them were in fact valid." *See* Def.'s Subpoena.

SunTrust produced two manuals to Defendant: "Section 2.25 | Portfolio LIBOR ARMs | Broker Seller Guide," and "Section 2.60 | Combo Second Mortgage | Broker Seller Guide."

Defendant's motion to compel argues that these documents are not responsive to the subpoena. The subpoena asked for internal procedures for investors and underwriters. The manuals that were produced are for brokers and sellers. Defendant has attached the declaration of its expert consultant, Marla Shapiro, who has at least twenty-five years of experience, including multiple management-level positions, in real estate. Shapiro attests that "any person who has worked for a mortgage lending institution such as SunTrust for longer than two years and was responsible for compliance with a subpoena, would understand precisely what documents are listed in [the subpoena], would be familiar with these documents, and would be able to provide them to in-house counsel upon request."

SunTrust argues that documents produced are responsive to the subpoena. SunTrust attaches the declaration of Thomas Switzer, custodian of records, who declares, "The documents provided are responsive to the subpoena and provide the information requested." The declaration does not contain pertinent foundational information about Switzer, such as how long he has been employed by SunTrust, what his duties are, or why he is qualified to interpret the subpoena. In addition, although SunTrust's opposition states that the production was made "[a]fter a diligent search and reasonable inquiry," the declaration does not explain how the custodian searched for records. Most importantly, neither the brief nor the affidavit states that the documents produced are all of the documents in the possession, custody or control of SunTrust that are responsive to the requests in the subpoena.

At the hearing, Defendant's counsel submitted to the Court a document titled "Fannie Mae Underwriting Findings," that states that one of the loans at issue in this case "does not meet Fannie Mae's eligibility requirements," with a handwritten notation stating "exception needed." Defendant submitted another document titled "Underwriting Approval Commitment" with the notation "subject to pre-funding QC." These documents support Defendant's argument that SunTrust likely has internal policies for underwriters regarding pre-funding qualifications and granting or denying exceptions for otherwise ineligible applicants that have not been produced.

The Court notes that in SunTrust's August 15, 2012 motion to quash, it argued that the internal documents requested were likely to be confidential. The Court approved a stipulated protective order to facilitate production of the documents. Yet the only documents produced by SunTrust are documents that it distributes to brokers and sellers. None of the documents are confidential, as contemplated by the protective order, nor are they internal manuals provided to underwriters regarding loan product guidelines, approval authority limits, procedures, or quality control guidelines that would provide guidance to underwriters responsible for reviewing loan files. At the hearing, SunTrust confirmed that the underwriters are employees of SunTrust.

The Court finds that the documents SunTrust has produced are only marginally responsive. Because SunTrust has not submitted a declaration by a qualified individual stating that *all* responsive documents in the company's possession, custody or control have been produced following a diligent search, and it appears likely that there are additional responsive documents that have not been produced, the motion to compel is granted.

The Court denies Defendant's request to hold SunTrust in contempt without prejudice. If SunTrust fails to comply with this order, or if the Court learns that misrepresentations have been made to the Court, contempt or sanctions may become appropriate.

SunTrust must produce all responsive documents, or a declaration curing the inadequacies addressed in this order, by January 7, 2013. A compliance hearing is hereby set for January 10, 2013, at 9:30 a.m.

IT IS SO ORDERED.

Dated: December 17, 2012

KANDIS A. WESTMORE
United States Magistrate Judge

3