United States District Court
Northern District of California

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ARTEM MARTINOV, et al.,

    Defendants.

Case No.: CR 11-00312 SBA (KAW)

**ORDER FOR SUPPLEMENTAL BRIEFING REGARDING DISCOVERY DISPUTE**

On December 17, 2013, the Court granted Defendant Artem Martinov's motion to compel third party SunTrust Mortgage's compliance with a subpoena duces tecum. SunTrust was ordered to produce all responsive documents, or file a declaration attesting that all responsive documents had been produced. SunTrust filed a declaration responding to the order, and Defendant filed a brief arguing that SunTrust had still not produced all responsive documents, and requesting that the Court hold an evidentiary hearing on the matter. On January 17, 2013, the Court held a compliance hearing. Thomas Nolan appeared for Defendant, and Benjamin Spohn appeared for SunTrust.

SunTrust submitted the declaration of Thomas L. Switzer, a First Vice President/ Litigation Credit Risk Manager at SunTrust, who also serves as SunTrust's Custodian of Records. The declaration satisfactorily addresses Switzer's qualifications to interpret the requests in the subpoena. Switzer attests that all responsive documents to each of Defendant's request have been produced. Decl. at ¶¶ 29, 32 (Request #1); ¶ 36 (Request #2); ¶ 41 (Request #3).[1]

---

[1] The Court's December 17 order noted that the previous declaration submitted by Switzer does not explain how the custodian searched for records. This declaration does not remedy that failure. Any supplemental declaration submitted in connection with this dispute must address this deficiency.

Defendant argues that Switzer's declaration is not satisfactory, as there are four categories of documents missing from SunTrust's production. Preliminarily, Defendant is reminded that SunTrust was only obligated to produce documents responsive to the subpoena, which specifically requested only "policy manuals." It is possible that the documents Defendant seeks to discover are not contained in policy manuals, but do exist in some other form.

Defendant seeks to introduce the testimony of its expert, Marla Shapiro, who was unavailable at the time of the hearing. Defendant argues that Shapiro's testimony would contradict some of the facts in Switzer's declaration.

After reviewing SunTrust's declaration and Defendant's brief, and the arguments counsel made at the hearing, the Court requests additional information regarding the following:

- Whether SunTrust had a separate policy document containing the in-house underwriting guidelines that are contained in the Broker-Seller guide.
- Whether SunTrust was required to have seller-servicer investor guidelines in 2007 because it was a Fannie Mae and Freddie Mac seller-servicer.
- Whether SunTrust had a policy or guideline for underwriting loan approval authority limits or loan exception approval requests pertaining to exceptions for low credit scores during the relevant time period.
- Who, if anyone, was responsible for quality control and pre-funding review of the instant loan.
- Whether SunTrust was required by Fannie Mae and Freddie Mac to have quality control guidelines and procedures in place in 2007.
- Whether policy documents pertaining to all underwriters, at every level of authority, have been produced.

///
///

Defendant may file an expert declaration and, if necessary, a brief, within fourteen days of the date of this order. SunTrust may file a responsive brief and/ or declaration within fourteen days thereafter.

Because Defendant will be allowed to file an expert declaration, his request for an evidentiary hearing is denied.

IT IS SO ORDERED.

Dated: January 31, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge